IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2002

## JAMES E. WILLIAMS v. SALVADORE VALDEZ v. TAPCO UNDERWRITERS, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-646     Carol Soloman, Judge**

-------

**No. M2001-00666-COA-R3-CV - Filed September 12, 2002**

-------

In an action brought by an insured against his insurer for indemnity, the trial court entered judgment after the defendant insurer moved for involuntary dismissal under Tenn. R. Civ. P. 41.02. We vacate the judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Peter B. Murphy, R.R. Ruth, Jr., Chattanooga, Tennessee, for the appellants, TAPCO Underwriters, Inc., and Certain Interested Underwriters at Lloyds, London.

Bobby D. Davis, Madison, Tennessee, for the appellee, Salvadore Valdez.

James B. Lewis, Nashville, Tennessee, for the appellee, James E. Williams.

### MEMORANDUM OPINION[1]

This case started as an action by one neighbor, Mr. Williams, against another, Mr. Valdez, for damage from a falling tree. Mr. Williams obtained a default judgment in general sessions court,

-------

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and Mr. Valdez appealed and obtained a trial *de novo* in circuit court. The trial was held August 9, 2000, and an order was entered September 5 awarding a judgment of $6500 against Mr. Valdez.[2]

After the trial but before entry of the order, Mr. Valdez joined TAPCO Underwriters, Inc. as Third Party Defendant seeking indemnification for the $6500 judgment.[3]

The Third Party Compliant filed by Mr. Valdez alleged that a storm had caused a tree in his yard to fall on his neighbor's property causing damage to Mr. Williams's car. Mr. Valdez alleged he had made demand upon TAPCO as holder of an insurance policy which covered the loss.[4] He alleged that six months after the accident he received correspondence advising him that the insurance carrier had no duty to provide coverage because the carrier was not timely notified. The complaint did not allege the date upon which Mr. Valdez made the demand on the carrier.

TAPCO answered and, first, denied it was a proper defendant in an action to recover insurance proceeds because it was not an insurer and otherwise had no privity of contract with Mr. Valdez. While admitting that TAPCO underwrote a contract of insurance for Mr. Valdez with Certain Interested Underwriters at Lloyds, London, the answer further alleged that Mr. Valdez failed to comply with the conditions of the insurance relating to reporting of alleged losses to the extent the insurer's interests had been prejudiced. Certain Interested Underwriters at Lloyds, London was added as a Defendant by agreed order. Certain Interested Underwriters answered, admitting that a contract of insurance was issued to Mr. Valdez providing liability coverage.[5] The answer alleged that Mr. Valdez breached the policy provisions by failing to timely report the loss claimed to the prejudice of the insurer. The answer also asserted that under the facts and circumstances, prejudice is presumed and the burden to rebut the presumption of prejudice lay with Mr. Valdez. Certain Interested Underwriters asserted TAPCO was not a proper defendant and should be dismissed.

The matter came to trial, and at the beginning, counsel for the insurer acknowledged that the proceeding was only on the contract. The parties and the court agreed the judgment on liability against Mr. Valdez was final. The parties and the court also agreed that the single issue to be tried was notice. Counsel also argued that if notice was not timely given then the insured has the burden of proving that the insurer was not prejudiced by the delay.

---

[2] Another order was entered September 22 which was identical except for the trial court's hand-written notation taxing costs to Defendant.

[3] At the beginning of the trial of the indemnity complaint, counsel for Mr. Valdez stated the trial court had indicated he should "bring in the insurance company."

[4] The complaint alleged that TAPCO Underwriters, Inc. is the underwriter for the insurance carrier, Lloyd's of London. It also alleged that the correspondence declining coverage was from Tenco Services, Inc., an independent adjusting firm working on behalf of the underwriter, TAPCO.

[5] The answer also denied negligence on the part of Mr. Valdez, demanded strict proof of Mr. Williams's damages, and alleged Mr. Williams's automobile insurance was primary.

Mr. Valdez testified about the storm, the tree falling, and the resulting damage. He testified that the day after the storm he had called the mortgage holder and then had a friend call the insurance company at the number given him by the mortgage holder. He identified a letter written by his former attorney to the insurer's representative dated September 24, 1999, after the general sessions suit was brought, advising them of the loss.

Although the storm occurred on May 2, 1999, Mr. Valdez was unaware of any intent to make a claim against him until he was served with the general sessions warrant on August 13, 1999. Two months after the storm, he began cutting up the fallen tree with a chainsaw and repaired the fence. He testified that someone representing the insurer came to look at the scene approximately eight months after the accident. By that time the fence had been repaired and only a stump of the tree remained.

Mr. Williams testified that the tree remained on his car for one and a half to two months until Mr. Valdez cut it up with a chainsaw. An insurance adjuster came to see Mr. Williams at work and went to see the car, which had not been repaired.

The plaintiff rested his case with the testimony of Mr. Valdez and Mr. Williams. Counsel for the insured moved for dismissal on the basis that the insurance contract had not been entered into evidence, that its terms had not been proved, and that plaintiff had not overcome the presumption of prejudice from delay in notification. Counsel for both plaintiffs argued against grant of the motion. After argument, the court found that Mr. Valdez had acted in good faith and that the insurer had a year's notice before the trial on the merits and did not participate. The court then granted judgment in favor of Mr. Valdez against the "proper insurance party." The trial court entered an order finding that the proof showed that notice was given in a timely fashion by Mr. Valdez and prejudice to the insurer had not been proved. The court awarded judgment against the insurer in the same amount as the judgment entered "in the original case."

The insurer appeals asserting that judgment on the insurance contract could not be rendered without proof of the contract and its terms by introduction of the policy. Insurer also asserts it was improper to grant judgment in the case before it had the opportunity to present its case in defense.

The insurer admitted in its answer that a policy contract of insurance had been issued to Mr. Valdez providing liability coverage, subject to its terms and conditions. No issue was raised regarding coverage, and the insurer agreed the only issues were delay in notice and resulting prejudice. The insurer defended on the basis of the terms of the contract, asserting Mr. Valdez breached the condition of prompt notice. Thus, it was up to the insurer to prove the terms and conditions it alleged were breached. However, the insurer had no opportunity to provide such proof because the trial court granted judgment on the entire case after the defendant's motion for dismissal on the plaintiff's proof.

In a nonjury case, a motion for dismissal under Tenn. R. Civ. P. 41.02(2) is proper as opposed to a motion for directed verdict under Tenn. R. Civ. P. 50, although both motions test the

sufficiency of the plaintiff's proof. Rule 41.02(2) of the Tennessee Rules of Civil Procedure, governing involuntary dismissals, provides:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. **The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence**; in the event judgment is rendered at the close of plaintiff's evidence, the court shall make findings of fact if requested in writing within three (3) days after the announcement of the court's decision.

The Advisory Commission Comments regarding that paragraph make it clear that these provisions were designed to eliminate the prior rule in chancery cases to the effect that a defendant could not move for dismissal at the end of the complainant's proof without resting his case and waiving his right to offer evidence.

We have examined the transcript of the entire hearing and find nothing therein to indicate the insurer rested its case, announced any intention not to proceed with its defense, or otherwise waived its right to present evidence in its defense. The transcript also reveals that the trial court proceeded immediately from argument on the motion to judgment on the merits of the case.

The trial court erred in granting final judgment for the plaintiff after the defendant's motion for involuntary dismissal. Consequently, we must vacate the judgment herein and remand.

Costs of this appeal are taxed against Appellee, Salvadore Valdez, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE